UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

EDWARD KANAS,

        Petitioner,

v.                                                                               Case No. 08-CV-291

TODD NEHLS,

        Respondent.

_____

## ORDER

On April 4, 2008, petitioner Edward Kanas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his June 20, 2006 conviction of possession of tetrahydrocannabinols (THC), manufacturing THC, and maintaining a drug trafficking place. Kanas pleaded no contest to the charged offenses in Dodge County Circuit Court and he was sentenced to a period of one year of confinement, stayed pending appeal, and 12 years of probation. The court will review Kanas's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Kanas's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year limitation is tolled pursuant to the provisions in 28 U.S.C. §§ 2244(d)(1)(B)-(D). *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). The one-year limitation period may be equitably tolled if a state prisoner encounters some impediment other than those covered in Sections 2244(d)(1)(B)-(D) and (2) which prevents the filing of the federal habeas petition. *Taliani*, 189 F.3d at 598; *see also Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001).

Here, it appears Kanas's petition is timely. According to the information provided in his federal habeas petition, Kanas's conviction will become final on May 21, 2008, which is 90 days after the Wisconsin Supreme Court denied Kanas's petition for review. Therefore, Kanas filed his petition within the one-year limitation period mandated by Section 2244(d)(1).

The court continues its Rule 4 review by examining Kanas's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears from the face of Kanas's federal habeas petition he has exhausted his state remedies. Kanas raises three claims in his petition. He claims the trial court erred when it: (1) determined that false statements in the affidavit supporting the search warrant were not made in reckless disregard for the truth; (2) determined that the search warrant affidavit provided probable cause even though it contained erroneous information about the property to be searched; and (3)

refused to excise the false statements in the search warrant affidavit. It appears Kanas presented these claims to the Wisconsin Court of Appeals and the Wisconsin Supreme Court for a ruling on the merits.

The court next reviews Kanas's petition under Rule 4 to determine whether his claim has been procedurally defaulted. Even though a constitutional claim in a federal habeas petition has been exhausted, the district court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). In the event a federal habeas petition contains a constitutional claim which was procedurally defaulted for any reason, the district court may still review the claim, but only if the state prisoner can demonstrate adequate cause for his failure to raise the claim and actual prejudice as a result of the default, or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Id.* at 999.

-4-
Case 2:08-cv-00291-JPS    Filed 04/18/08    Page 4 of 6    Document 4

Here, it appears Kanas's claims are not procedurally defaulted because the Wisconsin Court of Appeals addressed and denied his claims on the merits and discretionary review was sought in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Kanas's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear Kanas's claims are frivolous or speculative, the court will direct the respondent to file an answer to the petition.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge