# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

———————————————————————————

EDWARD KANAS,

       Plaintiff,

v.                                                                  Case No. 08-CV-291

TODD NEHLS,

       Defendant.

———————————————————————————

## ORDER

On April 4, 2008, petitioner filed a Petition for Writ of Habeas Corpus (Docket #1), in which he claimed constitutional violations stemming from the state courts' alleged improper rulings on the issue of whether affiant Deputy Rohr displayed intentional dishonesty or a reckless disregard for the truth in submitting an affidavit that stated the property to be searched pursuant to the warrant belonged to petitioner's parents (Carl and Catherine Kanas), when in fact the property belonged to Kanas Farms, Inc. Petitioner's brief in response to respondent's motion to dismiss contains a very concise and informative procedural history of this case:

> After Deputy Rohr secured the search warrant, law enforcement officers executed the search warrant at around 10:15 that morning. At the time of the search warrant execution the officers recovered approximately ten (10) pounds of marijuana, seven and a half grams (7.5 g) of cocaine, a digital scale, packaging materials, and $1,120 from what was believed to be Kanas' bedroom.
>
> On October 12, 2004, a complaint was issued against Edward Kanas, alleging Possession with Intent to Deliver THC (2500-10,000 grams), contrary to Wis. Stats. § 961.41(1m)(h)4; Possession with Intent to Deliver Cocaine (>5-15 grams), contrary to Wis. Stats. § 961.41 (1m)(cm)2; Manufacture/deliver THC (<=200 grams), contrary to Wis.

Stats. § 961.41(1)(h)1; Maintaining a Drug Trafficking Place, contrary to Wis. Stats. 4 § 961.42(1); and Possession of THC, contrary to Wis. Stats. § 961.41 (3g)(e).

On July 27, 2005, Kanas, by counsel, filed an Affidavit in Support of a Franks Hearing, wherein counsel averred that the affidavit contained false information. Specifically, the G.P.S. coordinates in the affidavit corresponded with parcels owned by Kanas Farms, Inc, not Carl and Catherine Kanas. The affidavit included attached exhibits showing the plat book entry, tax records for the parcel, and the Articles of Incorporation for Kanas Farms, Inc., which established that the parcels were clearly identified with different owners, and that neither Catherine nor Carl Kanas were officers or directors of the corporation, Kanas Farms, Inc.

A Franks hearing was held on October 13, 2005, wherein Kanas sought to have the evidence, seized from his residence, suppressed because the affidavit contained false information given intentionally, or in reckless disregard for the truth. His motion was denied. On June 20, 2006, Kanas pled no contest to counts one, three, and four. He appealed the Court's ruling on the Franks-Mann Motion to Suppress and argued all evidence obtained as a result of the search at N6354 Mine Road, and any evidence derivative thereof, must be suppressed. The court of appeals, in a decision dated December 6, 2007, affirmed the trial court's denial of defendant's motion to suppress. The state supreme court did not accept the defendant's petition for review of the appeals court's decision. Defendant filed the instant petition for writ of habeas corpus on April 4, 2008.

(Pet'r Resp. Br. to Resp't Mot. Dismiss at 3-4 (internal citations omitted)).

Petitioner maintains that because Deputy Rohr knew the property to be searched pursuant to the warrant was titled to Kanas Farms, Inc., - yet Rohr listed Carl and Catherine Kanas as the owners on the affidavit in support of the warrant - the state court was required to excise the challenged statement and determine if the remaining information in the affidavit supported issuance of the warrant. Petitioner

-2-

claims that because the state court did not do this, he is entitled to a writ of habeas corpus.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under § 2254(d), if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented. A state court decision must be more than incorrect from the point of view of the federal court; AEDPA requires that it be "unreasonable," which means something like lying well outside the boundaries of permissible differences of opinion. *Williams v. Taylor*, 529 U.S. 362, 410-12 (2000).

Pursuant to 28 U.S.C. § 2254(a), the district court shall entertain an application for the writ on behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The conditions set forth in § 2254(a) are satisfied when the district court concludes there has been a violation of federal law and that the violation played a causal role in the state prisoner's custody. *See Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir. 2003). When the court considers whether the conditions set forth in § 2254(a) are satisfied, the court is required under the AEDPA to review the

-3-

state court's adjudication on the merits deferentially and set the state court decision aside only if the court committed unreasonable error. *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003). Findings of fact made by the state courts are presumed correct and are rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000).

In his petition, Kanas sets forth three grounds on which he claims he is being held in violation of his constitutional rights. The grounds posited by Kanas are:

> 1) "Whether Trial Court Erred when it determined the false statements in the Affidavit supporting the Search Warrant, were not made with reckless disregard for the truth";
>
> 2) "The Affidavit included the Remote tracts's G.P.S. coordinates. The remote tract was not owned by Carl and Catherine Kanas. There is no other relationship between the remote tract, and Carl and Catherine Kanas, or their property (the subject of the search warrant) located at N6354 Mine Road, Iron Ridge, Wisconsin"; and
>
> 3) "Whether the trial court erred when it refused to excise the false statements from the Affidavit in Support of the Search Warrant."

(Pet. Writ Habeas Corpus at 6-8). According to respondent, all of these grounds are barred by the Supreme Court's ruling in *Stone v. Powell*, 428 U.S. 465 (1976). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 482. Petitioner agrees that *Stone* precludes consideration of the merits of petitioner's claim, *if* petitioner was *provided an opportunity for full and fair litigation*

-4-

*of his Fourth Amendment claim.* Respondent's brief assumes that petitioner received such an opportunity on the basis that petitioner was afforded a *Franks* hearing on the matter before the circuit court, as well as the fact that the Wisconsin Court of Appeals considered the case. Petitioner claims that he did not receive an opportunity for full and fair litigation of his Fourth Amendment claim.

"[A]n accused receives a full and fair opportunity to litigate if (1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts." *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002). Kanas's main contention is that this third element was not satisfied, because the state courts failed to properly apply *Franks v. Delaware*, 438 U.S. 154 (1978). *Franks* holds that if a defendant can make a substantial preliminary showing that a statement in an affidavit is deliberately false or was made with reckless disregard for the truth, then the defendant is entitled to a hearing on the matter. *Id.* at 155-56. This hearing has come to be known as a *Franks* hearing. At a *Franks* hearing, the presiding court will hear the defendant's evidence, and if the defendant can show by a preponderance of the evidence that the statement was deliberately false or made with reckless disregard for the truth, then the court will excise the statement from the affidavit, and then evaluate whether the affidavit would still justify issuance of the warrant. *Id.* at 156. If the affidavit stripped of the challenged statement would no

longer justify issuance of the warrant, then the evidence seized pursuant to the warrant will be suppressed. *Id.*

Kanas was granted a *Franks* hearing, but the presiding circuit court determined that Rohr was neither deliberately dishonest, nor recklessly disregarding the truth when he stated in his affidavit that Carl and Catherine Kanas were the owners of the property to be searched. (Pet'r Resp. Br. to Resp't Mot. Dismiss Exhibit F). On appeal, the Wisconsin Court of Appeals upheld the circuit court's decision, finding that there was sufficient reason to believe that Rohr was not intentionally dishonest or reckless. Because both courts reached this conclusion, neither court reached the final step of the *Franks* analysis - excising the challenged statement from the affidavit, and reexamining whether the affidavit still supported the warrant. As detailed above, that step need only be addressed if the challenged statement is determined to have been intentionally false or made in reckless disregard of the truth. Because the courts held it was not, there was no reason to consider the final step in the *Franks* analysis. However, Kanas's contention that the third element necessary for a full and fair hearing (that the court applied the proper constitutional case law to the facts) was not met, is based on the fact that the court never examined the affidavit stripped of the challenged statement. Petitioner argues that:

> The lower courts' handling of defendant's Fourth Amendment challenge, effectively, ignores Franks v. Delaware (controlling constitutional precedent). The state courts erred when they refused to excise the challenged statements (concerning ownership of the land

-6-

> where the marijuana was observed) and assess the remaining content
> of the affidavit for probable cause.

(Pet'r Resp. Br. to Resp't Mot. Dismiss at 6). However, the only way this court could find that the state courts erred in refusing to excise the challenged statement, would be if this court also found that the challenged statement was deliberately false or reckless. This is because the state courts had no reason to excise the statement if it was not found to be deliberately false or reckless.

While petitioner certainly believes that the state courts reached the incorrect ruling regarding the challenged statement, petitioner is also aware that the correctness of the state courts' rulings is not within this court's purview. Indeed, petitioner's brief states: "An opportunity for full and fair litigation of a Fourth Amendment claim guarantees the right to present one's case, but it does not guarantee a correct result." (Pet'r Resp. Br. to Resp't Mot. Dismiss at 5 (citing *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003)). Thus, petitioner is well aware that "as a general principle, absent a subversion of the hearing process, the federal court will not examine whether the state court made the right decision." (Pet'r Resp. Br. to Resp't Mot. Dismiss at 5 (citing *id.* at 531)). Though petitioner has tried to frame the issue as the state courts not applying the correct constitutional standard because the affidavit was never examined absent the challenged statement, the fact remain that the crux of petitioner's argument is that the state courts ruled incorrectly on the issue of the admissibility of the challenged statement. Indeed, the courts applied the correct constitutional standard, and under that standard, based on the

-7-

courts' rulings regarding the statement, it was never necessary to examine the affidavit absent the statement.

There may indeed be confusion on the proper application of *Franks* based on the wording of *Franks* itself. In summarizing it's holding, the Court stated:

> Finally, if [the defendant makes a substantial preliminary showing that the affiant made a deliberately false or reckless statement], and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Franks*, 438 U.S. at 171-72. A cursory reading of this language may give the impression that a presiding court must strip away the challenged material and examine the affidavit after a preliminary showing is made. However, this course of action is simply something the presiding court may do in order to determine whether there is any need for a hearing to determine whether the challenged statement was deliberately false or made with reckless disregard - as shown by a preponderance of the evidence. For if the affidavit would still support the warrant even with the challenged statement excised, then there is no need for a hearing on the admissibility of the statement, for its exclusion would change nothing. However, the court is not required to examine the affidavit sans the challenged statement, unless the defendant has shown by a preponderance of the evidence that the statement must be excluded. In the instant case, Kanas received a hearing on the statement,

-8-

but both the courts ruled that Kanas never demonstrated by a preponderance of the evidence that it should be excluded. Based on these occurrences, there was no reason for either court to excise the statement and reexamine the affidavit. For this court to rule that either court should have done that would not be to rule that the proper standard was not applied, but in fact would be to rule that the lower court reached the incorrect conclusion regarding the admissibility of the statement. As previously stated, asking the district court to disagree with the state courts' decision is a path that *Stone* forecloses. *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005).

Though not the main thrust of his brief, Kanas also claims that the second element necessary to a full and fair opportunity to litigate ("the state court has carefully and thoroughly analyzed the facts") was not met, and as evidence, he points to three factual mistakes the Wisconsin Court of Appeals made in its opinion:

a) the Kanas Farms, Inc., land "...is adjacent to land owned by Carl and Catherine Kanas[,]"

b) "[Rohr] explained he had seen Thomas Kanas, the adult son of Carl and Catherine, tending marijuana plants," and

c) "[Rohr] had also seen Thomas driving a tractor to and from the barn on the land owned by Carl and Catherine Kanas."

(Pet'r Resp. Br. to Resp't Mot. Dismiss at 12 (internal citations omitted)(quoting Motion to Dismiss Attach. #2 at 3)). Each of these factual mistakes pertain to whether the affidavit would have supported the issuance of the search warrant had the incorrect statement about Carl and Catherine Kanas owning the property not

-9-

been in the affidavit. They also pertain to whether or not Deputy Rohr acted in reckless disregard of the truth by stating that Carl and Catherine were the owners of the property, even though he knew Kanas Farms, Inc., was the owner. As to the first point, the court of appeals never considered whether the affidavit would support the warrant had the incorrect statement been excised, because both courts determined that Rohr had not intentionally been dishonest, nor had he recklessly disregarded the truth, so excising the statement was not required. As to the second point, there was still sufficient reason, apart from the mistaken rationales cited above, to accept Rohr's explanation that he simply assumed Kanas Farms, Inc., and Carl and Catherine Kanas were one in the same. Such rationales include the close proximity of the lands (even if they were not actually adjacent), the fact that he had seen Kanas family members on the land in question, as well as the fact that Rohr would not necessarily know the legal ramifications of a corporate entity. Given all this, there is no reason to think that the Wisconsin Court of Appeals did not "carefully and thoroughly analyze[] the facts" simply because there were three minor factual errors in its opinion. Additionally, given that the cited factual mistakes are not drastically different than the facts found in the record, there is no reason to think that the outcome would have been different had these three mistakes not been made.

Though petitioner asserts he was denied a full and fair opportunity to litigate because the facts were not carefully analyzed and because the proper constitutional case law was not applied, the foregoing analysis has shown that assertion to be

-10-

unsubstantiated. While the court of appeals did make three small factual errors in its opinion, there is nothing to indicate these mistakes altered the outcome or demonstrate the requisite lack of care necessary to grant petitioner's writ. Additionally, while neither court examined the affidavit stripped of the challenged statement, there is nothing in *Franks* - the applicable constitutional case law - that would require them to do so, given their rulings on the admissibility of the challenged statement. Petitioner did receive a full and fair opportunity to litigate, and thus, pursuant to the Court's ruling in *Stone*, the petitioner is not entitled to federal habeas relief for alleged Fourth Amendment violations.

Accordingly

**IT IS ORDERED** that Respondent's Motion to Dismiss (Docket #11) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-11-

Case 2:08-cv-00291-JPS   Filed 01/30/09   Page 11 of 11   Document 18